UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| PAMELA D. MCNEIL and<br>JAMES K. CANTWIL,<br>class representatives on behalf of<br>themselves and others similarly<br>situated, | Civil No. |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |
| IKO MANUFACTURING, INC., a<br>Delaware Corporation,<br>IKO INDUSTRIES, LTD., a<br>Canadian<br>corporation,<br>IKO SALES, LTD., a Canadian<br>corporation,<br>IKO PACIFIC, INC., a Washington<br>corporation, and<br>IKO CHICAGO, INC., an Illinois<br>corporation, | |
| Defendants. | |

---

Plaintiffs, on behalf of themselves and others similarly situated, by and through their

undersigned counsel, file this Class Action Complaint, and in support thereof state and

aver as follows:

1

## NATURE OF ACTION

1. This is a consumer class action on behalf of all persons and entities who purchased IKO shingles manufactured or distributed by Defendants under various trade names.

2. Defendants, (collectively "IKO"), has a shingle manufacturing plant in Kankakee, Illinois where it produces a significant quantity of shingles for distribution and sale nationwide. IKO manufactured and marketed roofing shingle products sold under various brands and product names (hereinafter "Shingles"). The Shingles, which are composed of asphalt, natural fibers, filler and mineral granules, have been marketed and warranted by Defendant as durable, and as offering long-lasting protection.

3. IKO manufactured, warranted, advertised and sold defective Shingles to tens of thousands of consumers throughout the United States. Defendants failed to adequately design, formulate, and test the Shingles before warranting, advertising and selling them as durable and suitable roofing products. Defendants warranted, advertised and sold to Plaintiffs and the Class Shingles that Defendants reasonably should have known were defectively designed, failed prematurely due to moisture invasion, cracking, curling, blistering, deteriorating, blowing off the roof, or otherwise not performing in accordance with the reasonable expectations of Plaintiffs and the Class that such products

be durable and suitable for use as roofing products.  As a result, Plaintiffs and the Class have experienced continuous and progressive damage to their property.

4. Defendants' sales brochures state that the Shingles are, among other things "[t]ime-tested and true" and "an excellent choice for exceptional roofing value."

5. IKO has consistently represented to consumers that it is "Setting the Standard" for "quality, durability, and innovation."  Defendants have not lived up to that promise.

6. Defendants market their warranty as "IRON CLAD."

7. Plaintiffs' Shingles have begun to fail, are failing and will fail before the time periods advertised, marketed and guaranteed by IKO.

8. As a result, Plaintiffs and the Class have suffered actual damages in that the roofs on their homes, buildings and other structures have and will continue to fail prematurely, resulting in damage to the underlying structure and requiring them to expend thousands of dollars to repair the damages associated with the incorporation of the Shingles into their homes, buildings and other structures or to prevent such damage from occurring.  Damage caused by the defective Shingles has included, but is not limited to: damage to underlying felt, damage to structural roof components, damage to plaster and sheetrock, damage to

walls and ceiling structural components, decreased curb appeal, or decreased property value.

9. Because of the relatively small size of the typical individual Class member's claims, and because most homeowners or property owners have only modest resources, it is unlikely that individual Class members could afford to seek recovery against Defendants on their own.  This is especially true in light of the size and resources of the Defendants.  A class action is, therefore, the only reasonable means by which Class members can obtain relief from these Defendants.

10. The class Shingles suffer from a set of common defects, as described herein. Despite receiving a litany of complaints during the Class Period from consumers, such as Plaintiffs and the members of the Class, Defendants have refused to effectively notify consumers of the defects, or repair the property damaged by the defects.

**PARTIES**

11. At all relevant times Plaintiff and class representative Pamela D. McNeil was a citizen of Michigan with an address of 1827 Shaker Heights Dr., Bloomfield Hills, MI.  Ms. McNeil purchased a new home outfitted with IKO Shingles in approximately 2001.  She first became aware of the problem with her Shingles

in approximately 2005 and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

12. At all relevant times Plaintiff and class representative Dr. James K. Cantwil was a citizen of Michigan with an address of 8241 Fountain View Dr., Flushing, MI.  Dr. Cantwil purchased a new home outfitted with IKO Shingles in approximately 1995.  He first became aware of the problem with his Shingles in approximately 2008 and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

13. Defendant IKO Manufacturing Inc., is a Delaware corporation and operates a manufacturing plant located at 120 Hay Road, Wilmington, Delaware.  IKO Manufacturing, Inc. is a leading North American manufacturer of roofing materials.

14. Defendant IKO Industries, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendant IKO Manufacturing.  The company is located at 71 Orenda Rd, Brampton, ON, L6W 1V8, Canada. IKO Industries, Ltd. is the owner of several patents that may apply to the Shingles manufactured by IKO Manufacturing Inc.  The company operates manufacturing plants in the United States, Canada, and Europe.

15. Defendant IKO Sales, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendants IKO Manufacturing and IKO Industries, Ltd.  The company is located at 1600 42 Ave. SE, Calgary, AB, TG2 5B5, Canada. The company owns and operates manufacturing plants in the United States, Canada, and Europe.

16. Defendant IKO Pacific, Inc. is a Washington corporation with significant business operations located at 850 W. Front St, Sumas, Washington.  IKO Pacific, Inc. manufactures, distributes, and sells Shingles throughout the United States.

17. Defendant IKO Chicago, Inc. is an Illinois corporation with significant business operations located at 235 W South Tec Dr, Kankakee, Illinois.  IKO Chicago, Inc. manufactures, distributes, and sells Shingles throughout the United States.

**JURISDICTION AND VENUE**

18. Defendants have substantial business and manufacturing operations in Chicago, Illinois and conduct substantial business in Illinois, including the manufacture, sale, and distribution of the Shingles in Illinois and have sufficient contacts with Illinois or otherwise intentionally avail themselves of the laws and markets of Illinois, so as to sustain this Court's jurisdiction over Defendants.

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) in that Plaintiffs are class members and citizens of Michigan. Class Members, as defined below, are all citizens of Michigan. Defendants are citizens of Illinois and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391, *et seq.* because Defendants reside in Illinois, a substantial part of the events or omissions giving rise to the claim occurred in Illinois, and the Defendants are subject to personal jurisdiction in Illinois.

## CLASS ALLEGATIONS

21. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and case law thereunder on behalf of Plaintiffs and all others similarly situated, with the Class defined as follows:

> All individuals and entities that have owned, own, or acquired homes, residences, buildings or other structures, physically located in the State of Michigan, on which IKO Shingles are or have been installed since 1979. IKO Shingles are defined to include without limitation all shingles manufactured or distributed by IKO. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

22. Members of the Class are so numerous that their individual joinder is impracticable. The proposed class contains hundreds and perhaps thousands of members. The precise number of Class members is unknown to Plaintiffs. However, upon information and belief, Plaintiffs believe it is well in excess of 1,000. The true number of Class members is likely to be known by Defendants, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

23. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, and all Class members, own homes, residences, or other structures on which defective Shingles manufactured by Defendants have been installed. Those Shingles have failed, and will continue to fail, prematurely. The representative Plaintiffs, like all Class members, have been damaged by Defendant's conduct in that they have suffered damages as a result of the incorporation of the defective Shingles into their homes or structures. Furthermore, the factual basis of Defendants' conduct are common to all Class members and represent a common thread of negligent conduct resulting in injury to all members of the Class.

24. There are numerous questions of law and fact common to Plaintiffs and the
Class, and those questions predominate over any questions that may affect
individual Class members, and include the following:

a. Whether the Shingles are defective in that they are subject to moisture
penetration, cracking, curling, blistering, blowing off the roof, prematurely
failing, and are not suitable for use as an exterior roofing product for the
length of time advertised, marketed and warranted;

b. Whether Defendants should have known of the defective nature of the
Shingles;

c. Whether Defendants owed a duty to Plaintiffs and the Class to exercise
reasonable and ordinary care in the formulation, testing, design,
manufacture and marketing of the Shingles;

d. Whether Defendants breached their duty to Plaintiffs and the Class by
designing, manufacturing, advertising and selling to Plaintiffs and the Class
defective Shingles and by failing promptly to remove the Shingles from the
marketplace or take other appropriate remedial action;

e. Whether the Shingles failed to perform in accordance with the reasonable
expectations of ordinary consumers;

f.  Whether the benefits of the design of the Shingles do not outweigh the risk of their failure;

g.  Whether the Shingles fail to perform as advertised and warranted;

h.  Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages; and

i.  Whether Defendants should be declared financially responsible for notifying all Class members of their detective Shingles and for all damages associated with the incorporation of such Shingles into Class Members' homes, residences, buildings and other structures.

25.  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting statewide, multistate and national consumer class actions, actions involving defective products, and, specifically, actions involving defective construction materials. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so. Neither the Plaintiffs nor their counsel have any interest adverse to those of the Class.

26.  Plaintiffs and the members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendants' conduct.  A class action is

superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law.  Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for Defendants' conduct.  Further, the cost of litigation could well equal or exceed any recovery.  Absent a class action, Class members will continue to incur damages without remedy.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS

27. Defendants are estopped from relying on any statutes of limitation by virtue of its acts of fraudulent concealment, which include Defendants' intentional concealment from Plaintiffs and the general public that their shingles were defective, while continually marketing the Shingles as dependable products that would last for decades.  Defendants' acts of fraudulent concealment include failing to disclose that its Shingles were defectively manufactured and would deteriorate in less than half their expected lifetime, leading to damage to the

11

very structures they were purchased to protect.  Through such acts Defendants were able to conceal from the public the truth concerning their product.

28. Until shortly before Plaintiffs filed their Complaint, Plaintiffs had no knowledge that the IKO Shingles they purchased were defective and unreliable. Plaintiffs had no reasonable way to discover this defect until shortly before Plaintiffs filed their Complaint.

29. Defendants had a duty to disclose that its Shingles were defective, unreliable, and inherently flawed in their design or manufacture.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Negligence)**

30. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

31. Defendants had a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Shingles.

32. Defendants breached their duty to Plaintiffs and the Class by designing, manufacturing, advertising and selling to Plaintiffs and the Class a product that is defective and will fail prematurely, and by failing to promptly remove the Shingles from the marketplace or to take other appropriate remedial action.

33. Defendants knew or should have known that the Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by Defendant.

34. As a direct and proximate cause of Defendants' negligence, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes, residences, buildings and other structures an exterior roofing product that is defective and that fails prematurely due to moisture penetration.  These failures have caused and will continue to cause Plaintiffs and the Class to incur expenses repairing or replacing their roofs as well as the resultant, progressive property damage.

35. Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for establishment of a common fund, plus attorney's fees, interest and costs.

## SECOND CAUSE OF ACTIONAGAINST ALL DEFENDANTS
### (Strict Products Liability)

36. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

37. At all relevant times, Defendants were engaged in the business of manufacturing the Shingles which are the subject of this action.

38. The Shingles were expected to and did reach Plaintiffs and the Class without substantial change to the condition in which they were manufactured and sold by Defendants.

39. The Shingles installed on Plaintiffs' and the Class Members' properties were and are defective and unfit for their intended use. The use of the Shingles has caused and will continue to cause property damage to Plaintiffs and the Class.

40. Defendants' Shingles fail to perform in accordance with the reasonable expectations of Plaintiffs, the Class, and ordinary consumers, and the benefits of the design of the Shingles do not outweigh the risk of their failure.

41. By reason of the foregoing, Defendants are strictly liable to Plaintiffs and the Class.

42. Plaintiffs on behalf of themselves and all other similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## THIRD CAUSE OF ACTION  AGAINST ALL DEFENDANTS
### (Breach of Express Warranty)

43. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraph of this Complaint.

44. Defendants marketed and sold their Shingles into the stream of commerce with the intent that the Shingles would be purchased by Plaintiffs and members of the Class.

45. Defendants expressly warranted that its Shingles are permanent, impact resistant, and would maintain their structural integrity.  Defendants' representatives through its written warranties regarding the durability of, and the quality of the Shingles created express warranties which became part of the basis of the bargain Plaintiffs and members of the Class entered into when they purchased the Shingles.

46. Defendants expressly warranted that the structural integrity of the Shingles purchased by Plaintiffs and Class members would last at least 20 years and as long as a lifetime.

47. Defendants breached their express warranties to Plaintiffs and the Class in that Defendants' Shingles are neither permanent nor impact resistant and did not, and do not, maintain their structural integrity and perform as promised. Defendants' Shingles crack, split, curl, warp, discolor, delaminate, blow off the roof, deteriorate prematurely, and otherwise do not perform as warranted by Defendants; and they have caused or are causing damage to the underlying roof

elements, structures or interiors of Plaintiffs' and Class members' homes, residences, buildings and structures.

48. Defendants' warranties fail their essential purpose because they purport to warrant that the Shingles will be free from structural breakdown for as much as 30 years when, in fact, Defendants' Shingles fail far short of the applicable warranty period.

49. Moreover, because the warranties limit Plaintiffs' and Class members' recovery to replacement of the Shingles piece by piece, with replacement labor not included, Defendants' warranties are woefully inadequate to repair and replace failed roofing, let alone any damage suffered to the underlying structure due to the inadequate protection provided by the IKO Shingles.  The remedies available in Defendants' warranties are limited to such an extent that they do not provide a minimum adequate remedy.

50. The limitations on remedies and the exclusions in Defendants' warranties are unconscionable and unenforceable.

51. Defendant has denied or failed to pay in full the warranty claims or has not responded to warranty claims.

52. As a result of Defendants' breach of its express warranties, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their

homes and other structures an exterior roofing product that is defective and that has failed or is failing prematurely due to moisture penetration.  This failure has required or is requiring Plaintiffs and the Class to incur significant expense in repairing or replacing their roofs.  Replacement is required to prevent on-going and future damage to the underlying roof elements, structures or interiors of Plaintiffs' and Class members' homes and structures.

53. Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Implied Warranty)

54.  Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

55. At all times mentioned herein, Defendants manufactured or supplied IKO Shingles, and prior to the time it was purchased by Plaintiffs, Defendants impliedly warranted to Plaintiffs, and to Plaintiffs' agents, that the product was of quality and fit for the use for which it was intended.

56. Plaintiffs and Plaintiffs' agents relied on the skill and judgment of the Defendants in using the aforesaid product.

57. The Product was unfit for its intended use and it was not of merchantable quality, as warranted by Defendants in that it had propensities to break down and fail to perform and protect when put to its intended use.  The aforesaid product did cause Plaintiffs to sustain damages as herein alleged.

58. After Plaintiffs was made aware of Plaintiffs' damages as a result of the aforesaid product, notice was duly given to Defendants of the breach of said warranty.

59.  As a direct and proximate result of the breach of said warranties, Plaintiffs and the Class members suffered and will continue to suffer loss as alleged herein in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Violation of Violation of Illinois
Consumer Fraud and Deceptive Business Practices Act)**

60.  Plaintiffs hereby incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein

61.  The conduct described in this Complaint constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFA"), 815 Ill. Comp. Stat. 505/1 *et seq*.

62.  Defendants violated the CFA by:

a.  Making representations or misleading statements to induce customers to buy Shingles;

b.  Concealing or failing to disclose material facts that would have caused consumers to understand that the Shingles were defective.

63. As a direct and proximate result of the deceptive, misleading, unfair and unconscionable practices of the Defendants set forth above, Plaintiffs and Class Members are entitled to actual damages, compensatory damages, penalties, attorney's fees and costs as set forth in Section 10a of the CFA.

64. The Defendants' deceptive, misleading, unfair and unconscionable practices set forth above were done willfully, wantonly and maliciously entitling Plaintiffs and Class Members to an award of punitive damages.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Fraudulent Concealment)

65. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

66. At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiffs the true facts concerning the IKO Shingles; that is that said product was defective and unreliable.   Defendants made the affirmative representations as set forth above to Plaintiffs, the Class, and the general public prior to the date Plaintiffs purchased the IKO Shingles while concealing the material described herein.

67. At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiffs the true facts concerning the IKO Shingles, that is that

IKO Shingles were defective, would prematurely fail, and otherwise were not as warranted and represented by Defendants.

68. At all times mentioned herein, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiffs and with the intent to defraud as herein alleged.

69. At all times mentioned herein, Plaintiffs and members of the Class were not aware of the facts set forth above and had they been aware of said facts, they would not have acted as they did, that is, would not have purchased IKO Shingles.

70. As a result of the concealment or suppression of the facts set forth above, Plaintiffs and the Class members sustained damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Contract)

71. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

72. Plaintiffs and the Class members have entered into certain contracts and warranty agreements with Defendants, including an express warranty. Pursuant to these contracts and agreements, including the express warranty, Defendants would provide Plaintiffs and the Class members with Shingles that were of

merchantable quality and fit for the use for which they were intended. Defendants were further obligated pursuant to the express warranty to repair or replace any defects or problems with the Shingles that Plaintiffs and the Class members experienced.  In exchange for these duties and obligations, Defendants received payment of the purchase price for these Shingles from Plaintiffs and the Class.

73. Plaintiffs and the Class satisfied their obligations under these contracts, warranties and agreements.

74. Defendants failed to perform as required by the express warranty and breached said contracts and agreements because it provided Plaintiffs and the Class with Shingles that are defective and unfit for their intended use and failed to appropriately repair or replace the Shingles.

75. As a result of the foregoing, Plaintiffs and the Class members are entitled to compensatory damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Unjust Enrichment)

76. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

77. Substantial benefits have been conferred on Defendants by Plaintiffs and the Class, and Defendants have appreciated these benefits.

78. Defendants' acceptance and retention of these benefits under the circumstances make it inequitable for Defendants to retain the benefit without payment of the value to the Plaintiffs and the Class.

79. Defendants, by the deliberate and fraudulent conduct complained of herein, have been unjustly enriched in a manner that warrants restitution.

80. As a proximate consequence of Defendants' improper conduct, the Plaintiffs and the Class members were injured.  Defendants hve been unjustly enriched, and in equity, should not be allowed to obtain this benefit.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiffs request of this Court the following relief, on behalf of themselves and all others similarly situated:

a. For an Order certifying the Plaintiffs' Class, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class counsel;

b. Equitable and injunctive relief enjoining Defendants from pursuing the policies, acts, and practices described in this Complaint;

c. For damages under statutory and common law as alleged in this Complaint, in an amount to be determined at trial;

d. Pre-judgment and post-judgment interest at the maximum rate allowable at law;

e.  The costs and disbursements incurred by Plaintiffs and their counsel in connection with this action, including reasonable attorneys' fees; and

f.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the members of the Class hereby demand trial by jury on all issues so triable.

Dated: July 23, 2009                         HALUNEN & ASSOCIATES

                                             /s Clayton Halunen
                                             Clayton Halunen
                                             Shawn J. Wanta
                                             1650 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN, 55402
                                             Telephone: 612-605-4098
                                             Facsimile: 612-605-4099

                                             LEVIN, FISHBEIN & BERMAN
                                             Charles Schaffer
                                             Arnold Levin
                                             510 Walnut Street - Suite 500
                                             Philadelphia, PA 19106-3697
                                             Telephone: 215.592.1500
                                             Facsimile: 215.592.4663

                                             CUNEO, GILBERT & LADUCA
                                             Charles J. LaDuca, Atty.
                                             Brendan S. Thompson
                                             507 C Street NE
                                             Washington, DC 20002

Tel:  202-789-3960
Fax:  202-789-1813

LOCKRIDGE, GRINDAL & NAUEN, P.L.L.P.
Robert J. Shelquist
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612.339.6900
Facsimile: 612.339.0981

AUDET & PARTNERS, LLP
Michael A. McShane
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.576.1776

ATTORNEYS FOR NAMED PLAINTIFFS


LR 83.15 DESIGNATION OF LOCAL COUNSEL

HALUNEN & ASSOCIATES
Michael A. Johnson
415 North LaSalle Street, Suite 502
Chicago, IL, 60610
Telephone: 312-222-0660
Facsimile: 312-222-1656